J. Howard Rossbach, J.
Defendant built a shed on waterfront property which he leases from its owner, the Penn-Central Railroad. The shed will be used to repair defendant’s railroad equipment. He is charged with violating the Administrative Code of the City of New York because he failed to obtain a permit from the Department of Marine and Aviation to erect the structure.
The Administrative Code provides: “ 704c-1.0 Improvement of water front property; permit required. — A written permit shall be obtained from the commissioner before any building, *700 platform, sign, advertising device or any construction or obstacle of any kind be placed or maintained, on water front property owned by the city and under the charge and control of the department. Such a permit shall also be required for erection of such structures or the placing and maintenance of such devices on any other water front property when used in conjunction with and in furtherance of water front commerce and/or navigation. Such a permit shall also be required before any piles shall be driven, or any filling-in or construction, repairs, alterations, removal, dredging or demolitions of any kind be made on any part of the water front, except as may be otherwise provided by the charter or administrative code of the city of New York.”
11 704c-2.0 Unauthorized construction and maintenance of structures on water front property; penalty.— Any owner, lessee, occupant or agent of any water front property who shall place or permit the erection, placing or maintaining of any structure referred to in section 704c-1.0 without a permit as required by such section, shall forfeit and pay a penalty of one hundred dollars, in addition to all damages resulting therefrom. There shall be a further penalty of twenty-five dollars a day for each and every day such structure shall be maintained after the expiration of the time specified for the removal thereof in any notice served upon such owner, lessee or occupant or agent.”
Defendant challenges the jurisdiction of this court, on the ground that section 704c-2.0 of the code does not provide imprisonment as an alternative to the monetary penalties. He claims that the penalties here are only recoverable in a civil action.
While statutes providing for a fine without any prison alternative are scarce, they do exist, and they have been handled in the criminal courts for years. (See, e.g., Vehicle and Traffic Law, § 601.) Furthermore, this court has sweeping powers to hear cases of violations of the code and other departmental regulations, as outlined in the descriptions in section 2950.1, Part 6, Bronx County, of the Rules of the Criminal Court of the City of New York (22 NYCRR 2950.1 Bronx Part 6). We have jurisdiction here.
We now reach the central issue as to whether erecting this shed without a permit from the Department of Marine and Aviation violates the Administrative Code. The penalty provisions (§ 704c-2.0) are applicable to “ any structure referred to in section 704o-1.0 ”; so we must turn to the latter section for our answer.
Were this shed on city-owned property, a permit would be required under the first sentence of this section. Here, however, *701 the land, is owned by a railroad. The second sentence of the section requires permits ‘ ‘ for erection of such structures * * * on any other water front property when used in conjunction with and in furtherance of water front commerce and/or navigation.” (Italics supplied.) No such usage is claimed here.
The last sentence of the section deals with construction “ on any part of the water front. ” We consider that there is a difference between the terms “ water front ” and “ water front property ’ ’ the former referring to frontage directly on the water. The shed here is some distance away from the water, and, while it is waterfront property, it is not on the waterfront itself.
We are aware of Mandel v. Waxman (35 Misc 2d 1085). This was a civil suit involving a bowling alley built on waterfront property. In a well-reasoned opinion Judge Harold Tessler held that the Department of Marine and Aviation had the power to issue a1 ‘ certificate of completion ’ ’ which satisfied the requirement of a “certificate of occupancy” from the “appropriate municipal department ’ ’ according to the terms of a building contract. Judge Tessler pointed out that much confusion existed as to the jurisdiction over such property as between the Department of Marine and Aviation and the Department of Housing and Buildings. The confusion still exists. It should be remedied by prompt legislation.
In contrast to Mandel v. Waxman (supra) we have here a prosecution in the Criminal Court where we are asked by the Corporation Counsel to convict and penalize the defendant. The burden of proof in criminal cases applies. In view of the confusion of interdepartmental jurisdiction, how can we say beyond a reasonable doubt that defendant is guilty? We cannot. Defendant is acquitted.