OPINION OF THE COURT
Max H. Galfunt, J.
This case appears to be one of first impression as to jurisdiction of zoning regulations.
A summons was issued by the Department of Buildings against the premises at 6103-93 Strickland Avenue, Brooklyn, *104 New York. The violation was for operating a retail toy and variety business in an area zoned for manufacturing. This allegation is contrary to section 42-13 of the New York City Zoning Resolution and in violation of sections 643a-8.0 and 643a-12.0 of the New York City Administrative Code.
The defendant seeks a dismissal on two grounds. First, he alleges the Department of Buildings is without jurisdiction to issue the summons. Further, he states the Department of Marine and Aviation has jurisdiction over the premises and that the defendant is not the owner of the premises.
Specifically, the defendant contends that since 1918 (or earlier) the buildings here, which border on Mill Basin Creek, are under the jurisdiction of Marine and Aviation and its successor, Ports and Terminals. Defense cites the following as evidence of this:
In November, 1960, plan No. 4858B was filed with the Department of Marine and Aviation. The plan was approved November 16, 1960, and certificate of completion No. 3374 was issued on February 9, 1961.
On April 27, 1966, a permit was issued by the Department of Marine and Aviation for the installation of a sprinkler system, and on July 28, 1967, the Department of Marine and Aviation advised defendant that the work was satisfactorily completed.
On December 12, 1969, under application No. 690742, plans were filed with the Department of Marine and Aviation for certain work to be done. The plans were numbered 6364. These plans were approved by the Department of Marine and Aviation and it issued a permit. Certificates of workmen’s compensation coverage were filed with the Department of Marine and Aviation. A notice of completion was issued by the Department of Ports and Terminals on May 2, 1972.
A certificate of completion for permit No. 718414, plan No. 6574, was issued on May 29, 1974.
With respect to the building formerly occupied by Hurricane Chain Link Fence Co., Inc., property adjacent to the building in question, which is now leased by The Merchant of Brooklyn, Inc., the Department of Ports and Terminals on October 22, 1969, wrote to Mr. Samuel Pensker, Borough Superintendent of the Department of Buildings, in part as follows: "Please be advised that the above premises have been and are under our jurisdiction.”
*105 The People contend that the history of the subject premises indicates that over the last 40 years the Department of Buildings has exercised jurisdiction by enforcing the Building Code. The contention is made that virtually no exercise of jurisdiction over the property in question has been made by the Department of Ports and Terminals.
As to the issue of ownership, the defendant cites a deed on record in the Kings County Clerk’s office which shows the subject property conveyed from Philip and Lillian Lubin to Ira Norman Weinstein. Thereafter the property was conveyed to Ira Norman Weinstein and Larry P. Weinstein. The defendant, Morris Weinstein, thus contends he is not the owner of record.
The People contend that the statutory scheme under consideration includes other persons than the owner of the property in issue.
The contention of the defense is that since the defendant is not the owner of the property in issue, he is thus not the proper party in this prosecution.
At this point we must disagree. As the People point out, the defendant is charged with violating sections 643a-8.0 and 643a-12.0 of the New York City Administrative Code.
Section 643a-8.0 states the following: "Every person who shall fail to comply with any order issued by the [C]ommissioner [of Buildings], or who shall knowingly violate any requirement of any notice or order of the commissioner, shall be guilty of a misdemeanor”. (Emphasis added.)
Obviously, the mere contention by the defense of nonownership would not preclude the prosecution of the defendant. Of course, the status of the defendant has not been determined by the trier of the facts.
Subdivision (a) of section 643a-12.0 states: "The owner, lessee, or occupant of any building in which a violation of the zoning resolution has been committed or shall exist; or the agent, architect, builder, contractor; or any other person who commits, takes part or assists in any such violation or who maintains any building in which any such violation shall exist, shall be guilty of a misdemeanor”. (Emphasis added.) »
Therefore, the criminal liability imposed by these legislative enactments transcends ownership. Ownership is not a prerequisite for liability under this statutory scheme. The *106 ultimate determination of culpability will be made at trial before the trier of the fact.
The sole issue before this court is which city agency has jurisdiction to issue the summons as to the alleged zoning violation. The other points in issue will be determined at trial.
Many times when an attempt is made to decipher the myriad of regulations in the City of New York, confusion reigns. Although the situation presently before this court seems strange and different, there does appear to be some case law on and around the current topic of controversy. Some insight may be gained by examining the cases available.
The first case this court shall examine is that of Mandel v Waxman (35 Misc 2d 1085). There,j the landlords sought a declaratory judgment that a building constructed under a lease was not a lawful building as required by the lease.
The property in question was located in Queens County and was bounded approximately by Shell Bank Basin. The defendants constructed a two-story building for use as a bowling alley. The defendants did not apply to the Department of Housing and Buildings for issuance of a building permit. Nor did they file plans for construction with and obtain the approval from the department. Instead, construction was performed pursuant to plans filed and approved by the Department of Marine and Aviation which, in turn, issued a "certificate of completion” dated March 1, 1961, for the structure. From that date on, the defendants occupied and used the building.
The plaintiffs contend a building permit and certificate of occupancy must be obtained from the Department of Housing and Buildings. The defendants contended the lease had been fully performed in that the building in question was under the exclusive jurisdiction of the Department of Marine and Aviation, and they, the defendants, had fully complied with that department’s requirements.
The defendants further contended that the Department of Housing and Buildings was referred to on several occasions for certain subsidiary permits. Not once, contended the defendants, did the Department of Housing seek to exercise jurisdiction over the property.
The defendants were of the understanding that waterfront property was under the jurisdiction of the Department of Marine and Aviation.
*107 The court cited various provisions of the New York City Charter, which did not clarify the situation. Section 643 provides the "jurisdiction of the [Department [of Buildings] shall not extend to waterfront property owned by the city”.
Section 704 gives the Commissioner of Marine and Aviation "exclusive charge and control” of "wharf property” in the Port of New York both owned by and not owned by the city.
As the court pointed out, the term "wharf property” is defined in subdivision 7 of section 1150 of the New York City Charter as follows: "The term 'wharf property’ shall mean wharves, piers, docks and bulkheads and structures thereon and slips and basins, the land beneath any of the foregoing, and all rights, privileges and easements appurtenant thereto and land under water in the port of New York, and such upland or made land adjacent thereto as [was] vested in the department of docks [when this charter took effect] or may be assigned to it.” (See, also, Administrative Code, § 1150-1.0, subd 17.)
Section 645 (subd [b], par [1]) of the charter vests the Commissioner of Buildings with exclusive power "to examine and approve or disapprove plans for the construction or alteration of any building or structure” (emphasis added).
Section 704c-1.0 of the Administrative Code refers to the Department of Marine and Aviation, requiring that "[a] written permit shall be obtained from the commissioner before any building * * * be placed * * * on water front property”.
Obviously, the statutory structure provides some confusion and overlapping jurisdictions of the two agencies.[1]
In Mandel v Waxman (35 Misc 2d 1085, supra), the court placed great weight on which agency did the enforcing, plus the proof offered by the defendants to determine that the Department of Marine and Aviation (now Ports and Terminals) had jurisdiction over all waterfront property, whether privately or city owned within the City of New York.
*108 In this holding, the court held the defendants had acted properly in securing the approval of that department as to the structures built.
The term "water front” as stated in the Administrative Code has been defined in People v Schoenberg (64 Misc 2d 699).
The "waterfront” refers to footage directly on the water. "Waterfront property” contains the waterfront but includes the land beyond.
The decision deals with a shed built by the defendant on land leased by the defendant and belonging to the Penn-Central Railroad. The defendant was charged with a violation of the Administrative Code, for he failed to obtain a permit from the Department of Marine and Aviation.
The court set forth section 704c-1.0 of the code; it required a permit from the Department of Marine and Aviation before a building, platform, etc., was placed on waterfront property owned by New York City.
As to property not owned by the city, erection of such structures required a permit when they were to be used in conjunction with and in the furtherance of waterfront commerce and/or navigation.
A permit is required before piles are driven, any filling in or construction is done, dredging is attempted, etc.
The court determined the structure was on waterfront property, but since the property was privately owned and the structure was not "used in conjunction with and in furtherance of waterfront commerce and/or navigation,” no violation existed.
In Sands Harbor Homes v Board of Stds. & Appeals of City of N. Y. (344 NYS2d 419) the issue revolved around ongoing construction work which was proceeding, based on permits issued by the Department of Marine and Aviation. The construction included waterfront homes and a bulkhead along Mill Basin in Brooklyn. The Department of Buildings issued an order to stop work until plans were filed with the Department of Buildings.
The court noted the Department of Marine and Aviation had always issued work permits on waterfront property. Of course, the confusion over jurisdiction as to waterfront property not owned by the city was raised. The court noted that the Buildings Department did nothing to interfere with the *109 issuance of permits by the Department of Marine and Aviation here. The court noted thousands of structures were up, or in the process of being built, based on permits issued by the Department of Marine and Aviation.
The court noted "the practical construction of provisions of a statute” by the official charged with the enforcement and application of the enactment is entitled to great weight.
As to the cases cited, it must be noted that each case deals with construction of a building. Here, we are dealing with an alleged violation of the building code for an already existing structure.
Assuming the Department of Ports and Terminals did examine plans, issue permits, inspect work performed, and issued certificates of completion for the building in question, this goes to construction of the building and is an attempt by an agency to set standards and control events on waterfront property in order to maintain the waterfront and to prevent unnecessary destruction thereto.
The powers and duties of the Commissioner of the Department of Ports and Terminals is set forth in section 704 of chapter 29 of the New York City Charter (New York City Charter and Admin Code, vol 1, cum supp, p 64).
Section 704 of the New York City Charter states:[2]
"The commissioner shall have the power, and it shall be his duty, to exercise the functions, operations, powers and duties relating to the development, construction, reconstruction, operation, maintenance, management, administration and regulation of public markets, wharf property and water front property within the city of New York, including, without limitation, the following: * * *
"(f) to administer and enforce the provisions of the zoning resolution of the City of New York in respect to the following structures on any water front property: wharves, piers, docks, bulkheads, structures wholly or partly thereon, and such other structures used in conjunction with and in furtherance of water front commerce and/or navigation in the same manner and in accordance with the same procedure as is prescribed therein (Emphasis added.)
We can further clarify the statute through the concept of *110 ejusdem generis.[3] It is a rule of construction to be applied as an aid in ascertaining legislative intent.
Thus, the zoning enforcement properly and logically deals with structures relating to "water front commerce and/ or navigation”. The defendant’s structure clearly does not fall within this category.
The court feels it should inject some logic into this. Obviously, when property borders on a body of water within the City of New York, the Department of Ports and Terminals should be concerned. When a building or structure is put up on the parcel, the department is concerned about bulkheads, drainage (to prevent erosion), etc., insuring no interference with navigability of the waterway due to construction, etc.
The Department of Buildings would seem to be more concerned about zoning ordinances, adherence to various codes, structural features, etc.
The two departments appear to have logical demarcation zones as to the area of their respective jurisdiction.
Confusion reigns as to which agency one goes to to construct a building on waterfront property. Granted. But this is not the issue presently before this court.
A structure was erected sometime ago. No claim is made which agency approved the building of the structure. That building is zoned for certain usage. That zoning usage must be enforced. This court does not feel that the confusion which exists between agencies as to the initial construction of buildings in general should overflow into the enforcing proper of zoning for a building.
If we look at the powers of the Commissioner of the Department of Ports and Terminals in section 704 cited above, it becomes clear that whether or not a structure is being used as a toy/variety store instead of for "manufacturing” does not pertain to structures on waterfront property dealing with "waterfront commerce and/or navigation”.
Section 643 of the New York City Charter states the functions of the Department of Buildings, as follows: "The department shall enforce, with respect to buildings and structures, *111 such provisions of the building code, zoning resolution, multiple dwelling law, labor law and other laws, rules and regulations as may govern the construction, alteration, maintenance, use, occupancy, safety, sanitary conditions, mechanical equipment and inspection of buildings or structures in the city”.
This, coupled with section 643a-12.0 of the Administrative Code (dealing with violations of zoning resolutions), appears to make the Department of Buildings the proper agency to issue the summons.
The court feels some course for the confusion should be laid at the door of the Administrative Code. The document is long, confusing, and provides fuel for initiating and extending litigation, as is the case here. Just recently the index of the document was made useful and functional. It is this court’s hope that the code itself will be streamlined and made less confusing. In so doing it is hoped the document will become a less puzzling and more organized compilation of statutes befitting the City of New York.
For the above-stated reasons, the defendant’s motion to dismiss is denied.

. The court cited the problem was a long standing one, citing from McGoldrick, Building Regulations in New York City (1944), p 142:
"In another respect the Charter has not put finally to rest an old issue of jurisdiction: that over privately owned water-front structures, which ostensibly are regulated by the Commissioner of Aviation and Marine (formerly Docks) although they would seem to fall within the province of the Commissioner of Housing and Buildings.
"It is not apparent that the authors of the Charter gave any thought to structures on privately owned water-front property.”

. Not to add to the confusion, but the exact same powers are given to the Economic Development Administration (New York City Charter, § 1303, subd 2, par [e]).

. The purpose of this rule is to give effect to both the particular and general words of a statute by treating the particular words as indicating the class and the general words as extending the provisions of the statute to everything embraced in that class though not specifically named by the particular words. (See United States v Powell, 423 US 87.)