OPINION OF THE COURT
Louis York, J.
Does the omission of the word "willful” invalidate section 558 (e) of the New York City Charter and render an accusatory instrument based on this section jurisdictionally defective? This is the major question before the court among the issues raised by the five defendants in two separate motions to dismiss the charges against them.
The defendants are alleged to be in control of the premises known as the Bryant Hotel in which two thirds of the residents are homeless welfare recipients housed at considerable *503 public expense. The defendants are charged under sections 558 (e) and 562 of the New York City Charter for permitting, allowing, and maintaining conditions in the hotel in violation of the New York City Health Code.
Specifically, the conditions alleged to exist in the hotel include roach infestation and rat and mice excreta in violation of section 151.03 of the New York City Health Code; maintaining a nuisance by lack of window stops (guards) or improperly installed window stops in violation of section 3.11 of the New York City Health Code; and numerous allegations of unsafe and unsanitary conditions such as falling ceilings, crumbling plaster, peeling paint, defective plumbing and a general state of filth and disrepair in violation of section 131.01 of the New York City Health Code.
THE MOTIONS TO DISMISS
The defendants’ main contention is that the information is jurisdictionally defective and must be dismissed because it is based on sections 558 (e) and 562 of the New York City Charter which are inconsistent with State law (Public Health Law § 12-b) and, therefore, invalid. Since the People have agreed to dismiss the charges under section 562 of the New York City Charter, its validity is no longer before the court and will not be addressed here.
Section 558 (e) of the New York City Charter is the penalty provision for violations of the New York City Health Code. It provides in pertinent part: "Any violation of the health code shall be treated and punished as a misdemeanor.”
Section 12-b (1) of the Public Health Law provides in pertinent part: "A person who wilfully violates or refuses or omits to comply with any lawful order or regulation prescribed by any local board of health or local health officer, is guilty of a misdemeanor”.
The defendants contend that the omission of the word "willful” invalidates section 558 (e) of the New York City Charter because "willful” is a material element of the crime charged under Public Health Law § 12-b. They further argue that regardless of the inconsistency, section 558 (e) must specify a culpable mental state because violation of the New York City Health Code is not a strict liability offense. Accordingly, they move to dismiss the information as jurisdictionally defective.
It has long been established that New York City has the *504 police power to enact and enforce laws such as section 558 (e) of the New York City Charter for the protection, safety, health and well-being of persons and property within its control under Municipal Home Rule Law § 10 (1) (ii) (a) (11); (4) (a), (b); and article IX, § 2 (c) of the NY Constitution. (People v Blanchard, 288 NY 145 [1942].)
The question before the court is whether section 558 (e) is preempted or inconsistent with State law. Section 228 (3) of the State Public Health Law allows a locality to enact and enforce its own health codes provided that the local law meets the minimum applicable standards set forth in the State Sanitary Code (Health Code). In granting the localities this power, the State has disclaimed any intention to preempt or supersede local health codes and their enforcement mechanisms. (Monroe-Livingston Sanitary Landfill v Town of Caledonia, 51 NY2d 679 [1980].)
The penalty provision for the State Sanitary Code under Public Health Law § 229 provides: "the non-compliance or non-conformance with any provision thereof shall constitute a violation”. This provision is also found in the State Sanitary Code itself at 10 NYCRR 1.21 and sets the minimum penalty under the State scheme to be a violation. In charging a misdemeanor for violations of the New York City Health Code, section 558 (e) is deemed consistent with Public Health Law § 229 and 10 NYCRR 1.21 under Public Health Law § 228 (3) by meeting the minimum standard imposed by State law.
Furthermore, case law has shown that laws dealing with the same subject matter are not always incompatible because they are not identical (People v Lewis, 295 NY 42 [1945]). Section 558 (e) merely supplements Public Health Law § 229 by providing a heavier penalty. Such action is both reasonable and warranted given the existence of a large population in a small area and the effect of unsanitary conditions such as substandard dwellings in New York City. Section 558 (e) does not prohibit what the State law permits, or allow what the State law prohibits. (People v Lewis, supra; People v Ortiz, 125 Misc 2d 318 [Crim Ct, Bronx County 1984].)
Moreover, section 558 (e) of the New York City Charter has been ratified by the State Legislature in adopting other amendments to that section in Laws of 1980 (ch 221). In doing so, it is assumed that the Legislature was aware of the existence of the State statutory scheme and saw no inconsistency.
*505 This court disagrees with defendants’ contentions that Public Health Law § 12-b is the applicable State standard for assessing the penalty provision for violations of the New York City Health Code. The purpose of Public Health Law § 12-b (1) is to allow the State itself to prosecute willful violations, refusals, or omissions to comply with local health board regulations. Public Health Law § 12-b (1) was not designed to supersede or preempt local regulations pertaining to health code violations as the State has already addressed the issue of local health codes in Public Health Law §§ 228, 229. Furthermore, New York City is exempt from the formation and guidelines pertaining to local health boards under Public Health Law § 312.
In any event, this court sees no difference between the material elements needed for a prosecution of a New York City Health Code violation under Public Health Law § 12-b or section 558 (e). The term "willful” in Public Health Law § 12-b is not one of the four culpable mental states listed under Penal Law § 15.05. Therefore, the definition of this term has been left to case law in which "willful” has been defined in accordance with the underlying offense.
When the underlying offense has been one of strict liability, it has been held that "willful” under Public Health Law § 12-b is superfluous and does not require the finding of a culpable mental state but rather that the defendant’s actions were "deliberate and voluntary”. (People v Flushing Hosp. & Med. Center, 122 Misc 2d 260, 264 [Crim Ct, Queens County 1983]; People v Angelakos, 128 Misc 2d 844, affd 132 Misc 2d 1 [App Term, 1st Dept 1986].)
Contrary to the assertions of both sides in this action, this court finds that a violation of the New York City Health Code to be one of strict liability. A plain reading of section 558 (e) and Public Health Law § 229 shows a legislative intent to make any violation punishable by law without the showing of a culpable mental state. Therefore, the omission of the word "willful” in section 558 (e) of the New York City Charter is of no legal consequence even if Public Health Law § 12-b was applicable here. (People v Lewis, supra.)
The burden of proving a law unconstitutional is on the party challenging the validity of the law in question. Given the strong presumption of constitutionality, the burden of proof must be beyond a reasonable doubt. (People v Ortiz, supra; Council For Owner Occupied Hous. v Koch, 119 Misc 2d 241, affd 61 NY2d 942 [1984].)
*506 This court finds the defendants have not met their burden of proof beyond a reasonable doubt in challenging the validity of section 558 (e) of the New York City Charter. The court upholds the validity of this section as a proper exercise of police power under article IX, § 2 (c) of the NY Constitution and Municipal Home Rule Law § 10.
Furthermore, the court finds defendants’ contentions that the information is jurisdictionally defective for failure to allege the material elements of the underlying New York City Health Code violations without merit. The court agrees with the People that defendants’ arguments are based on a "strained” interpretation of the Health Code and are unsubstantiated by a plain reading of the sections themselves.
Accordingly, the court finds the information facially sufficient and denies defendants’ motion to dismiss the accusatory instrument as jurisdictionally defective for failure to allege the material elements of the crime charged.
Defendant Bernard Sillins individually moves the court for dismissal of the accusatory instrument as defective and in the interests of justice. Defendant Sillins alleges that he had no control over the conditions in the Bryant Hotel and should not be held criminally accountable merely because he was listed as the registered managing agent of the hotel.
Under the statutory definition of registered managing agent, defendant Sillins is properly charged as a person in control of and responsible for the maintenance and operation of the hotel. Whether defendant Sillins had "actual” control over the conditions in the hotel is a question for trial. (People v Weinstein, 99 Misc 2d 103 [Crim Ct, Kings County 1979].)
Furthermore, this court sees no compelling reason set forth by defendant Sillins to dismiss the charges against him in the interests of justice under CPL 170.40 (1). On the contrary, this court sees a greater harm and injustice to the residents of the hotel in dismissing the charges before testimony can reveal the exact nature of defendant Sillins’ control in the maintenance and operation of the hotel.
Accordingly, defendant Sillins’ individual motion to dismiss is denied in its entirety.
MOTION FOR BILL OF PARTICULARS/dISCOVERY
Defendants 230 West 54th Street Corp., Scharf, Edelstein, and C. Lewner move the court for an order granting a bill of *507 particulars and discovery that are partially refused by the People.
Defendants’ motion for a bill of particulars is granted as follows:
1. Item No. 7 is granted solely to the extent of giving the exact location of each window where window stops are allegedly missing.
2. Item No. 8 is granted solely to the extent of giving the exact location of each window where window stops are allegedly improperly installed together with a description of the alleged improper screw or nail in the window stop therein.
3. Item No. 10 is granted.
All other items requested have either been properly responded to by the People or are outside the scope of a bill of particulars as contemplated by CPL 200.95 (1) (a). The People shall serve their revised bill of particulars within 30 days from the date of this decision.
Defendants’ motion for an order granting discovery is granted as to item No. 7 in regard to the precise dates prior to December 4, 1986 which they contend the alleged offenses were committed by the defendants and item No. 11. Item No. 12 is granted pursuant to CPL 240.40 (1) (c), but only as to those documents that the People intend to introduce at trial.
MOTION FOR SANDOVAL HEARING/STRIKE
Defendants 230 West 54th Street Corp., Scharf, Edelstein, and C. Lewner’s motion for a Sandoval hearing is granted and referred to the Trial Judge. Defendants’ motion to strike the part of the information alleging that Charles Lewner previously pleaded guilty to two Criminal Court informations charging violations of the New York City Charter and Health Code is granted as improper and prejudicial, and these allegations are stricken from the information. Whether such allegations can be admitted at trial, however, is a matter for the trial court’s discretion.
MOTION FOR SUPPRESSION
That portion of defendants 230 West 54th Street Corp., Scharf, Edelstein, and C. Lewner sur-reply requesting suppression of certain statements allegedly made by Charles Lewner to Department of Health Sanitarian Stanley Hoffman on the ground that the People have not timely provided the defen *508 dants with notice of their intent to use such evidence at trial as required by CPL 710.30, will be treated as a motion to suppress those statements and the People shall have until May 15, 1987 to serve any opposition papers. The defendants shall serve any reply papers by May 22, 1987.