OPINION OF THE COURT
Timothy J. Flaherty, J.
Defendant is charged with operation of a place of public assembly without a proper permit, a violation of the Adminis *817 trative Code of the City of New York.* The defendant seeks dismissal on the ground that he is not a proper party to the action.
The People contend that according to public documents and records maintained by the City of New York, the defendant is the mortgagee of record for the subject premises alleged to be in violation of the Code. According to the People, the defendant’s status as mortgagee encompasses the definition of "owner” under the Administrative Code and subjects the defendant to liability.
The defendant acknowledges that indeed it is the mortgagee of the subject premises, having sold the property on July 13, 1989, a year prior to the issuance of the alleged violation. In conjunction with the sale, the defendant took back two purchase-money mortgages for a total sum of $750,000. The defendant does contest, however, the People’s interpretation of the Administrative Code which would subject all mortgagees to accountability whether or not they maintain control over the premises.
Section 26-248 of the Administrative Code assigns accountability to the owners of any structures where violations exist. The term "owner” is defined in section 27-232 as "A person having legal title to premises; a mortgagee or vendee in possession; a trustee in bankruptcy; a receiver or any other person having legal ownership or control of premises” (empha *818 sis added). In the above definition, the term “in possession” is an adjective phrase which follows two nouns joined by a coordinate conjunction, “mortgagee or vendee”. Because no punctuation mark separates the nouns, proper syntax requires that the term "in possession” be construed as modifying both “mortgagee” and “vendee” (cf., People v Case, 42 NY2d 98, 101; People v Ketter, 76 Misc 2d 698, 700). Thus, to conform with the definition of owner under the Code, it is insufficient to be merely a mortgagee, but one must be a "mortgagee in possession.” “Mortgagee in possession” is a term of art and is defined in Ballentine’s Law Dictionary 817 (3d ed 1969), as “An expression adopted by courts and law writers as a convenient phrase to describe the condition of a mortgagee who is in possession of mortgaged premises under such circumstances as to make the satisfaction of his lien a prerequisite to his being dispossessed”. A similar definition is found in Black’s Law Dictionary 912 (5th ed 1979): “A mortgagee of real property who is in possession of it with the agreement or assent of the mortgagor, express or implied, and in recognition of his mortgage and because of it, and under such circumstances as to make the satisfaction of his lien an equitable prerequisite to his being dispossessed.”
Furthermore, the requirement that a mortgagee be in possession to incur liability is in harmony with the general intent of the Administrative Code which is to penalize those who have control over premises found to be in violation. The defendant’s motion to dismiss for lack of jurisdiction is, therefore, granted.
In reaching this conclusion, the court is mindful of various cases from courts of coordinate jurisdiction which have held that ownership is a premature issue for dismissal which should await determination at trial. These cases are inapposite. They were either decided under the old and now defunct Administrative Code which defined a broader scope of liability (see, e.g. People v Weinstein, 99 Misc 2d 103; People v MacFarlene Co., 130 Misc 2d 70), and/or the issues contested were whether the owner or managing defendants had sufficient control over the premises so as to subject them to liability (People v 230 W. 54th St. Corp., 135 Misc 2d 502; People v Vuksanaj, NYLJ, Nov. 4, 1987, at 7, col 4; People v Durch, 140 Misc 2d 353; People v Leiberman, 141 Misc 2d 561).
In the instant matter there are no allegations that the defendant exercised control over the premises. The People, because of their erroneous interpretation of the Administra *819 tive Code, failed to properly allege a critical element of ownership, that the defendant as mortgagee was in possession of the subject premises. Accordingly, the information is insufficient within the meaning of CPL 170.35 (1) (b) and is therefore dismissed pursuant to CPL 170.30 (1) (a).

 The court assumes the defendant is being charged with violation of section 26-122 of the Administrative Code of the City of New York, which penalizes those who own or operate a place of assembly without a current permit, only because of the allegations found in the factual part of the superseding accusatory instrument. Nowhere in the four corners of the accusatory instrument, however, is there a reference to this section. Furthermore, the appearance ticket, which initiated this action, informed the defendant that he was in violation of sections 26-207 and 26-208 of the Code which list the requirements for permits and plans for building construction. The filing of a superseding information shed no further light upon the section of the Code under which the defendant would be held accountable. Instead, the defendant was informed he was in violation of sections 26-246 (a); 26-248 (a) and 26-248 (g). These three catch-all sections consist of a general definition of the judicial function, procedures and penalties available under the Code.
An accusatory instrument must contain an accusatory part and a factual part. The accusatory part must designate the offense charged (CPL 100.15). It is most disturbing that the city chooses to prosecute with little regard for the requirements that an accusatory instrument give the defendant fair notice of the offense charged and also bind the prosecution to the allegations it must prove at trial, thus insuring the rights of due process, fair trial and confrontation (see, e.g., People v Gross, 148 Misc 2d 232).