OPINION OF THE COURT
William Garnett, J.
The defendant has moved this court for an order dismissing a superseding information which was filed on May 13, 1991. This information charges the defendant with violations of section 26-248 (g) (3) (a) and section 27-217 of the Administrative Code of the City of New York. This criminal action was commenced with the filing of an information on July 25, 1990.[1] The initial information contained a charge of a violation of section 27-217.
The defense motion makes three attacks on the superseding information. First, the defendant maintains that the superseding information violates his due process right to fair notice in that the new accusatory instrument charges a section of the Administrative Code, i.e., section 26-248 (g) (3) (a), which was not contained in the first information. The argument follows that the failure to charge this section in the original information denied the defendant proper notice and renders the superseding information infirm.
*753 Next, the defendant contends that the factual allegations contained in the superseding information are insufficient to support a violation of section 27-217.
Finally, the defense alleges that the information is legally insufficient in that the information does not adequately and completely charge a crime.
According to the facts contained in the superseding information and other documents filed with the court, an inspector of the New York City Department of Buildings entered the premises at 374 Webster Avenue, Brooklyn, New York, on June 20, 1990. In the cellar of this two-story, one-family residence, the inspector observed eight sewing machines, with a chair at each, a cutting machine with a table and rolls of fabric on a shelf near the cutting table. Based on these observations, the inspector concluded, in his affidavit, that the premises "was being arranged to be used by the defendant for commercial purposes as a sewing factory”.
On the day of the inspection, the defendant was issued a summons which alleged violations of sections 27-217 and 26-246 of the Administrative Code. The back of the summons stated: "Illegal Occupancy In Cellar.” Thereafter, a letter was mailed to the defendant which gave notice of the alleged violation. This letter contained a general reference to section 26-246 and a specific reference to section 27-217. Further, this letter gave a specific description of the observations which had been made in the cellar at 374 Webster Avenue. The original information specified that the defendant was charged with a violation of sections 27-217 and 26-248 (g). Clearly, the gravamen of the accusation was the prospective use of the building’s cellar as a garment factory.
On May 13, 1991, the People filed the superseding information which is the subject of this motion to dismiss. In this information, the People, for the first time, alleged a specific violation of section 26-248 (g) (3) (a), predicated on a violation of section 27-217, in that the defendant had produced "an imminent hazard to persons or property” by changing the use of his residence. It is this addition of the alleged violation of section 26-248 (g) (3) (a) that prompted the defendant’s motion to dismiss on due process grounds.
Section 27-217 of the Administrative Code is a section of the Building Code entitled: "Change of occupancy or use.” This section proscribes a change of use or occupancy which is inconsistent with the last issued certificate of occupancy or *754 which would bring the building under some special provision of the Code or other applicable law or regulation unless the owner obtains a new certificate of occupancy which approves the change of occupancy or use.
Section 26-248 (g) (3) (a) is a subsection of a section entitled: “Punishments.” The general sentencing provision contained in section 26-248 (a) authorizes a fine up to $5,000 for a violation of the Building Code. However, in contrast, the punishment authorized by section 26-248 (g) mandates a minimum fine of $500 for certain denominated violations of the Building Code.
In this case, the defendant allegedly produced “an imminent hazard to persons or property” when he violated section 27-217. Therefore, if the defendant were found to have violated section 27-217, the court would next have to determine whether that violation had created "an imminent hazard”. If the court found that the defendant’s violation had occasioned an imminent hazard, then the defendant would be subject to a mandatory, minimum fine of $500. Thus, section 26-248 (g) (3) (a) is part and parcel of a sentencing scheme to limit the discretion of the court in imposing sentence where a defendant’s violation has produced a particularly dangerous situation. Section 26-248 (g) (3) (a) is not a substantive section of the Code. In this case, only if the court finds a violation of section 27-217, may it then grapple with the issue of the degree of the hazard. Section 26-248 (g) (3) (a) is merely a statutory device to enhance punishment. In this case, the underlying, substantive change was, and remains, a violation of section 27-217.
Three courts have, in dicta, indicated that section 26-248 is a penalty section which defines no substantive violations. (People v Saito, 149 Misc 2d 342, 345 [NY City Crim Ct 1990] [§ 26-248 (a), (g) are “primarily penalty provisions”]; People v Riverdale Equities, 148 Misc 2d 816, 817, n [NY City Crim Ct 1990] [refers to § 26-246 (a); § 26-248 (a) and (g) as "catch-all sections” which define "the judicial function procedures and penalties available under the Code”]; People v Gross, 148 Misc 2d 232, 243 [NY City Crim Ct 1990] [“Section 26-248 (a) provides for a maximum fine of $5,000 * * * [i]t is solely a penalty provision and does not itself define an offense”].) The structure and language of section 26-248 indicate that its provisions anticipate a violation of other substantive sections in the first instance.
Section 26-248 (g) (3) (a) is analogous in function to many of *755 the sentencing provisions contained in penal statutes. (See, Penal Law §§ 70.04, 70.06, 70.08, 70.10; Vehicle and Traffic Law § 600 [2] [b] [except the provision which renders a violation a felony if the personal injury rises to the level of serious physical injury or death]; § 1193 [1] [a].) For example, when a defendant is charged with a robbery and the defendant has a previous felony conviction within 10 years, the previous conviction, while an aggravating factor on sentence, is not an element of the substantive charge of robbery. Further, even if the People fail to give proper notice of its intention to have the defendant sentenced as a second felony offender, the validity of the underlying indictment is not vitiated.
The same concept governs the resolution of the defendant’s motion to dismiss on due process grounds. The defendant’s attack on the adequacy of the notice of a violation of section 26-248 (g) (3) (a), the sentencing provision, does not undermine the notice received on the substantive statute charge of a violation of section 27-217.[2] Obviously, the court should not address the adequacy of the People’s pleading of the sentencing section until the court determines whether the substantive charge has been established by proof beyond a reasonable doubt. In the instant case, the court must first focus exclusively on the issue of whether the defendant has violated section 27-217. Only if the defendant is found guilty of the substantive charge, should the court decide whether section 26-248 (g) (3) (a) was fairly pleaded.
Therefore, the defendant’s motion to dismiss the information on the ground that he was not given fair notice of a violation of section 26-248 (g) (3) (a) is denied as premature.
Next, the defendant argues that the superseding information is, on its face, factually insufficient. Specifically, the defense contends that the language of the factual portion of the information which concludes that the premises were "arranged to be used” for an improper use merely alleges a prospective violation of section 27-217. The argument continues that the Code does not prohibit such preparation and is thus not cognizable as a Code violation.
Section 27-217 proscribes any "change * * * in the occupancy or use of an existing building”. "Occupancy” and "use” are words of art in the Building Code. These words are defined in section 27-232. "Occupancy” is defined as the "purpose or *756 activity for which a building or space is used or is designed or intended to be used” (emphasis added). The "use” is defined as the "purpose for which a building * * * is occupied or utilized * * * [u]se (used) shall be construed as if followed by the words 'or is intended, arranged, or designed to be used’ ” (emphasis added). Thus, the statutory definitions of "occupancy” and "use” include more than an actual and present unauthorized change of use. The expansive definition of "use” encompasses buildings whose owners have arranged or intended those buildings to be used in the future for purposes not sanctioned by the Building Code.
These definitions and this construction of the Code which they necessarily mandate are consistent with the purpose of the Building Code to encourage building owners to seek prior approval for changes in use and to require official approbation for renovations and alterations. (See, §§ 27-102, 27-138, 27-139 et seq.)
Thus, for example, the Commissioner of Buildings need not await the grand opening of a new restaurant in a building which only permits a residential use before commencing a prosecution. If the court were to find from the facts, including the contents of the premises, that the owner intended or arranged the premises to be used as a restaurant then the owners would have violated the inherent restrictions of the certificate of occupancy.
This concept of criminal liability closely mirrors the concept of "attempt” as codified in the Penal Law. Section 110.00 of the Penal Law prohibits conduct "which tends to effect the commission” of a substantive crime. This section has been interpreted to proscribe behavior which comes "dangerously close” to the commission of a crime. (People v Mahboubian, 74 NY2d 174, 190-191 [1989].) Although a defendant must come "dangerously close” to the completion of a crime, the act to be sufficient need not be " 'the final one towards the completion of the offense’ ”. (People v Bracey, 41 NY2d 296, 300 [1977].) Thus, the liability imposed on owners by section 27-217 is not so inconsistent with the Penal Law formulation of "attempt” as to offend due process or fairness in general.
It follows that the Commissioner need not wait for the incipient restaurant to hire an employee, prepare its first meal or serve its initial customer before he attempts to preclude an illegal use of a building. Similarly, in this case, the Commissioner was not required to await employees, the *757 first stitch or the initial garment before charging the defendant.
Thus, based on the broad definitions of "occupancy” and "use”, the court could find the defendant guilty of a violation of section 27-217, if, in the words of the superseding information, the defendant "had arranged” his building "to be used * * * as a sewing factory.” If the observations of the building inspector were established by proof beyond a reasonable doubt, the court could conclude that the premises were arranged to be used for an illegal purpose and that the defendant was in violation of section 27-217. Therefore, that portion of the defendant’s motion which seeks dismissal of the information for factual insufficiency is denied.
Finally, the defendant asserts that a violation of section 27-217 has not been adequately pleaded and therefore the information is legally insufficient. It is argued that an element of section 27-217 has not been established.
Section 27-217 can be violated in two ways. First, if there is a change in occupancy or use "which is inconsistent with the last issued certificate of occupancy”, then the section is violated. Second, the section is also violated if the change of occupancy or use "would bring it [the building] under some special provision of this code or other applicable law or regulation”.
In this case, the parties concede that the building was constructed before January of 1938 and therefore did not, and does not, require a certificate of occupancy. Further, a letter incorporated by reference in the information states that no applications have been filed subsequent to 1938 which would require a certificate of occupancy for the premises. Clearly, the defendant cannot be charged with having created a use which is inconsistent with the last issued certificate of occupancy.
Thus, in order to plead a crime, the People must necessarily contend that the defendant’s change of use brought the premises "under some special provision of the code or other applicable law or regulation”. The section, on its face, mandates that a violation is predicated on a change of use which brings the premises under a Building Code provision, a law or regulation. This information is devoid of any such reference to any such provision, law or regulation. The defendant does not know what provision, law or regulation he has violated by his change of use. What provision, law or regulation requires the *758 defendant to seek a certificate of occupancy when his pre-1938 building was not required to have one? If a premises has no certificate of occupancy, then the owner, to have violated this section, must have contravened another provision, law or regulation by his change of use. In order to plead a crime under section 27-217, the People were required to indicate what section mandates approval and allege factually that the defendant had not abided by that provision.
Absent a pleading that the defendant had violated some other provision, law or regulation, the People cannot sufficiently allege a violation of section 27-217. In situations where a building has no certificate of occupancy, this section patently incorporates by reference other provisions which make a change of use illegal. The People’s failure to make reference to any provision, law or regulation external to section 27-217 renders the information legally insufficient. No crime had been charged.[3] It would offend due process to have the defendant answer for a violation for which he has been given no notice.
It is fundamental that an information must allege each and every element of the offense charged. (CPL 100.15, 100.45; People v Alejandro, 70 NY2d 133 [1987].) Thus, the information is jurisdictionally defective and must be dismissed.
After oral argument on the defendant’s motions, the Peoplé, pursuant to CPL 100.45 (3), moved to amend the information to add a charge of a violation of section 27-215 of the Building Code.
Section 27-215, in pertinent part, reads: "[N]o building hereafter altered so as to change from one occupancy group to another, either in whole or in part, or so as to affect any existing means of egress, or so as to increase the number of habitable rooms in the building, and no building hereafter altered for which a certificate of occupancy has not theretofore been issued, shall be occupied or used unless and until a certificate of occupancy shall have been issued certifying that the alteration work for which the permit was issued has been completed substantially in accordance with the approved plans and the provisions of this code and other applicable laws and regulations.”
*759 The language of this section clearly indicates that it is applicable to the physical alteration of an existing building. The word "altered” strongly intimates that the section contemplates a structural change in an existing building. If there were any doubt about the fair purview of this section, that doubt is removed by the specific references to changes which would "affect any existing means of egress” or "increase the number of habitable rooms”. Such changes are effected by alterations to the structure of the building. Even if the sewing machines blocked an exit, such a condition would not violate this section because no structural alteration was made to the building. Rubbish which blocks an exit is not an alteration to the building’s structure but may be a fire hazard. Moreover, the section requires that the new certificate of occupancy certify "the alteration work for which the permit was issued”. Permits are required by section 27-147 of the Code. Such permits are necessary for "building construction or alteration work, foundation or earthwork, demolition or removal work, or plumbing work”. "[M]inor alterations and ordinary repairs” do not require a permit. Thus, section 27-215’s reference to alteration work for which a permit is required necessarily is limited by the reach of section 27-147 which specifies the types of alteration which require prior approval by permit. Thus, the fair import of the language of section 27-215 indicates that this section concerns major, physical changes to a building.
An amendment, pursuant to CPL 100.45 (3), requires that the added charge be "supported by the allegations of the factual part of [the] information and/or any supporting depositions which may accompany it.”
The factual allegations of the instant information do not establish each and every element of a violation of section 27-215. The arrangement of sewing machines, cutting table, etc., does not establish the physical alteration of the building proscribed by section 27-215. The information does not contain any fact which indicates that the building’s structure was modified or altered in order to accommodate the items observed by the inspector. Absent such a circumstance, the defendant did not engage in any alteration which would require a permit. Thus, section 27-215 was not violated. The facts alleged in this information do not support a charge of a violation of this section.
*760 Therefore, the People’s motion, pursuant to CPL 100.45 (3), to add section 27-215 is denied.
In view of the court’s disposition of the motions of the defendant and the motion of the People, it is unnecessary to consider the additional defense motions.

. The defense has not made a speedy trial claim. Therefore, despite the 11-month hiatus between the filings of the two informations, the court had no reason to address the sufficiency of the first information as part of this motion.

. The defendant did not challenge the notice given on the alleged violation of section 27-217.

. The defendant’s change of use may have violated the zoning resolution. Perhaps, reference to section 27-216 of the Administrative Code would have been a proper reference to another law. In fact, a violation of section 27-216 per se may have been a more appropriate charge.