Mokrie Slifkin, J.
In this action instituted by the Attorney-General of the State of New York against the defendants, in which the plaintiff urges and alleges that the defendants are the authors of a public nuisance, defendants move pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the complaint by reason of the claimed failure of the complaint to state a cause of action against the defendants. The plaintiff cross-moves by a separate motion for leave to join as additional parties defendant the owners of the several parcels of real property upon and from which a claimed sewer effluent flows into an adjoining lake and *367 to issue a supplemental summons and amended complaint. Both of the motions are consolidated and disposed of as hereinafter set forth.
As to the motion to dismiss, it is a rule that in such a motion the court must accept the allegations of fact set forth in the complaint as being true. (Greeff v. Equitable Life Assur. Soc., 160 N. Y. 19; Glassman v. Glassman, 309 N. Y. 436.) The complaint alleges in substance that the defendants originally named, developed, built and sold 42 homes in a certain development; that the development consisted of vacation and recreation homes; that the said homes were located adjacent to a lake known as Sand Pond; that the original defendants, as part of the construction of these homes, installed or caused to be installed sewage disposal systems; that the defendants knew at the time of the installation of the said systems, that the said systems were and are completely inadequate to provide for proper sewage disposal; that said inadequacy is based upon the fact that the soil in the area is unable to absorb the untreated effluent released by the septic tanks causing an overflow of the effluent, so that it is caused to saturate the ground and flow into Sand Pond; that the said Sand Pond and the adjacent areas are irreparably damaged and contaminated by the effluent caused through the failure of the sewage systems caused to be installed by the defendants with his knowledge of their inadequacy, and that the aforesaid conditions constitute a public nuisance and invasion of the rights guaranteed to the people of the State of New York.
No question is raised with relation to the authority of the Attorney-General of the State of New York to institute and maintain such an action.
The court finds that the facts alleged in the complaint, under the circumstances of the instant motion to dismiss, constitute a cause of action setting forth the creation and maintenance of a public nuisance against the original defendants. A public nuisance has been defined as an act or omission which obstructs or causes damage to the public in the exercise of rights common to all. This would include an act that has caused damage to the health and property of citizens in the area affected. (New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77.) Further, the Attorney-General on behalf of the State, where a public nuisance exists, may bring suit to have such a nuisance abated. (People v. Brennan, 69 Misc. 548; People v. Tru-Sport Pub. Co., 160 Misc. 628.)
The thrust of defendants’ motion to dismiss is that under the prevailing law, a mandatory injunction may not issue against *368 the defendants to abate the nuisance by reason of the fact that the defendants, prior to the institution of the present action, sold and conveyed title to all of the aforesaid residences, that the defendants are out of title and have not reserved any rights of re-entry to said premises and that the defendants cannot be directed or compelled by a court to enter upon the lands of another person to do any act thereon where the person so directed has no right of entry. This argument may be properly directed to the court at the close of the trial when, if the court sustains the cause of action, urged by the plaintiff, the court is faced with a problem of fashioning an appropriate decree to grant the relief sought.
CPLR 3017 (subd. [a]) provides generally “the court may grant any type of relief within its jurisdiction appropriate to the proof, whether or not demanded, imposing such terms as may be just.” Therefore, the demand for relief contained in the complaint is not deemed a part of the cause of action in a motion of this type (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3017.02 and cases cited therein) nor will the complaint be subject to dismissal if the pleader has requested relief to which he is not entitled (Prouty v. Drake, 208 Misc. 540). If the plaintiff is entitled to recover judgment upon any aspect of the facts pleaded, the complaint must survive a motion to dismiss (Curren v. O’Connor, 304 N. Y. 515, 517). The motion to dismiss must be denied.
The cross motion made by the plaintiff for leave to join as parties defendant, the owners of the properties upon which the claimed defective septic tank installations were made and for related relief is granted. As pointed out by the original defendants, the effluent which overflows from the claimed defective septic tanks as installed arises on and flows from the lands of these several owners. The said proposed defendants are proper although not necessary parties defendant. Ample authority exists to the effect that the creator of a nuisance does not, by conveying his property to another, release himself from liability for its continuance (Conhocton Stone Rd. v. Buffalo, New York & Erie R. R. Co., 51 N. Y. 573; Wilks v. New York Tel. Co., 208 App. Div. 542; Fish v. Dodge, 4 Denio 311, 317). See, also, 39 Am. Jur., Nuisances, § 34; 25 L. R. A. [N. S.] 734; 46 N. Y. Jur., Premises Liability, § 25 ; 66 C. J. S., Nuisances, § 83 et seq.).
If after trial, it be determined that a mandatory injunction against all the defendants may be the only type of relief which would permit the abatement of the nuisance, it may then be urged that the court may direct the original defendants to enter *369 upon the lands of the other defendants under the aegis of the court and upon the terms and conditions to he fixed in the decree for the purpose of taking such steps as may he necessary to abate the cause of the public nuisance. (Ackerman v. True, 120 App. Div. 172, 175.)
Submit order on notice.