Frank P. De Luca, J.
Defendant, Town of Huntington, moves to dismiss the complaint on the grounds that it fails to state a cause of action. In particular, defendant urges dismissal because it contends that plaintiff has failed to exhaust its administrative remedies and that the Attorney-General lacks authority to bring this lawsuit.
In its complaint, the State of New York seeks to restrain the town from operating its municipal incinerators and refuse disposal sites in such a manner as to cause the emission of soot, flyash and noxious odors. The answer, besides denying the material allegations of the complaint, contains three affirmative defenses alleging that only the Commissioner of Health, pur *876 suant to article 12-A of the Public Health Law, may maintain this action; that the Attorney-General therefore is without authority to sue and that the complaint fails to allege that plaintiff does not have an adequate remedy at law.
In taking' up the latter issue, the court remains unconvinced that the failure to allege a remedy at law is necessarily fatal to the plaintiff. The basic gravamen of the entire complaint, besides alleging violations of such statutes as the Air Pollution Control Act, sounds in equity and for the purposes of this motion, must be accepted as true. There can be little argument that the subject of air pollution and the control thereof are important enough so that the equitable remedy is self-evident and there would be no need to allege in words, the lack of a remedy at law. (Majestic Loose Leaf v. Cannizzaro, 10 Misc 2d 1040; American Guar. & Liab. Ins. Co. v. Wtalich, 128 N. Y. S. 2d 135.)
In answer to the balance of the movant’s contentions — i.e, that the Air Pollution Control Act (Public Health Law, art. 12-A) provides the exclusive remedy in dealing with air pollution matters — examination of the statute leads one to the conclusion that the authority of the Commissioner of Health is not exclusive nor are the administrative remedies in the statute to be deemed exclusive. Sections 1277 and 1287 speak in precatory rather than mandatory language. Thus, 1 ‘ the commissioner may request the attorney general to bring * * * an action for an injunction (§ 1287; italics added.) Further evidence that the statute is not exclusive will be found in section 1294 which reads as follows: “It is the purpose of this article to provide additional and cumulative remedies to prevent and abate air pollution and air contamination. Nothing in this article contained shall abridge or alter rights of action or remedies now or hereafter existing, nor shall any provision of this article or anything* done by virtue of this article be construed as estopping individuals, counties, cities, towns or villages or the state from the exercise of their respective rights to suppress nuisances or to prevent or abate air pollution or air contamination.”
Since the power of the Attorney-General to abate a public nuisance by bringing an injunction proceeding in behalf of the People is beyond dispute (Nassau Neuropsychiatric Soc. v. Adelphi Univ., 18 N Y 2d 370; New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77) the court must deny the motion and urge that this matter be brought to trial as speedily as possible without further delay.