Samuel R. Rosenberg, J.
In this equity action, the plaintiff, the People of the State of New York, seek a permanent injunction, restraining and abating the defendants from continuing the operation of the Methadone Maintenance Treatment Program Clinic of the Ithica Medical Center, located at 177 East 84th Street, New York City, on the ground that it constitutes a public nuisance; or in the alternative, a limited injunction to restrain and abate the defendants from operating the clinic in such a manner as to constitute a public nuisance.
A large number of witnesses gave protracted testimony in behalf of the plaintiff, including residents, businessmen, local merchants, the president of the East Mid-Manhattan Chamber of Commerce, the managing agents and doormen of apartment hanses on the block and the parish priest of St. Ignatius Church on 84th Street and Park Avenue. The gist of the cumulative testimony was the harassment, insults, abuse, threats, assaults, loud and boisterous vulgarities, disturbances and terrorizing of the community by the patients of the clinic and other drug addicts who come and congregate with the patients, in front of the clinic, seeking to obtain narcotics, thus making the street a veritable market place for narcotics. Several witnesses testified that they saw these people pass small white envelopes from one to another, drink alcohol from bottles in brown bags, that they were intoxicated and high on drugs and loiter in groups on the street, entranceways and vestibules of apartment houses and stores. That the street is impassable and women and children fear walking through, no less stop and talk and play. That these intolerable conditions caused fear in the community and deterioration of this fine residential neighborhood, injury and damage, which is the result of the mismanagement, loose and improper method of operation by the clinic.
The Lieutenant of the New York City Police Department in charge of the 5th Narcotic District which embraces this area testified relative to his undercover investigation of the clinic, and his report in evidence lists various violations of the regulations governing the operation of the center; that undercover buys were made within and in the vicinity of the clinic and arrests made. This unit of the Police Department deals with the enforcement of the narcotic laws of the State of New York, and is doing fine work; however, they only investigate the operations inside the clinic. The Assistant Director for the metropolitan area of the Narcotics Control *922 Bureau of the New York State Health Department, called as a witness by the defendants, testified that more complaints were received by his office against the Ithica Clinic than any other of the many methadone clinics. The Lenox Hill Hospital Ambulance Service lead technician, testified there were many ambulance calls to the Ithica Clinic and more than all three combined of the other private methadone program clinics in the hospitals’ area; that a large number of the calls were for overdoses.
The clinic has a case load of approximately 500 patients, which is excessive, based on the 300 maximum number of patients recommended by the Health anci Hospital Planning Council.
The Attorney-General may, where a public nuisance exists, bring suit to have such nuisance abated. (State of New York v. Ole Olsen, Ltd., 65 Misc 2d 366, affd. 38 A D 2d 967; People v. Brennan, 69 Misc. 548.)
A public nuisance is an act or omission which obstructs or causes damage to the public in the exercise of rights common to all. (New York Trap Rock Corp. v. Town of Clarkstown, 299 N. Y. 77; State of New York v. Ole Olsen, Ltd., supra.)
A nuisance is a public nuisance and subject to restraint as such, where the location at which and the manner in which the particular operation is conducted is such that substantial annoyance and discomfort are caused indiscriminately to many and diverse persons who are continually or may from time to time be in the vicinity. (Town of Mount Pleasant v. Van Tassell, 7 Misc 2d 643, affd. 6 A D 2d 880.)
A public nuisance must be established by clear evidence before the preventive remedy will be granted. (County of Sullivan v. Filippo, 64 Misc 2d 533.)
The court has weighed the equities, balanced the convenience, considered the clinic’s good and bad, to the patients and to the community and the resultant damage and hardship to each of the parties by its decision.
The court concludes from the evidence that the operation of the Ithica Medical Center and Methadone Clinic is loose, careless, improper, mismanaged and indifferent to the welfare of the community, causing disturbance, fear, discomfort, inconvenience, social and business upset and annoyance, injury and damage to persons and property in the area.
The courts will not enjoin and destroy the whole operation, but will enjoin and abate only those activities which constitute and make it a nuisance. Solutions which will permit the maxi *923 mum exercise of individual rights while protecting the public welfare are demanded by our system of justice.
Accordingly, judgment in favor of the plaintiff, The People of the 'State of New York, permanently enjoining the Ithica Medical Center and Methadone Clinic from exceeding the maximum limit of a 300-patient caseload; directing the defendants to exercise greater control and supervision over their patients, inside and outside the center; more stringent security and protection of the methadone in the clinic; additional uniformed guards during dispensing hours, with instructions to disperse groups of more than two people loitering on the street in the vicinity of the center and to increase the area to be patrolled by the uniformed guards.
The Methadone Maintenance Treatment Program is comparatively new and although guidelines, rules and regulations have been established, time will test their effectiveness. The court suggests the correlation of work by the licensing, regulatory and enforcement agencies and more frequent inspections of clinics, in addition to investigation of complaints. The Police Department should assign foot patrolmen to the area, particularly the block in which a methadone clinic is located, where there is a continuing problem, as here.
This court will retain jurisdiction of this action for all purposes.