Mario Pittoni, J.
Plaintiff, the State of New York, claims that defendants Ole Olsen, Ltd., and Richard Grusmark (sometimes called “defendant developers ”) constructed numerous vacation homes in the “Swiss Forest” development adjacent to Sand Pond in Sullivan County, with sewage disposal arrangements that violated the law and that were so offensive and so dangerous to health as to constitute a public nuisance. Thtis, plaintiff contends, defendants Ole Olsen, Ltd., and Richard Grusmark should be directed to correct this nuisance by constructing a central sewage system.
The evidence has established to my satisfaction paragraphs 9, 10 and 11 of the complaint and, more specifically, that the area involved is filled with pervasive odors and of untreated raw sewage which actually bubbles out Of the ground and causes the odors. This is particularly true in the Sand Pond and Pond area. This sewage problem is not only dangerous in its effect of smell and appearance, but also its effect On health. In fact, Dr. Bigeleisen, a medical doctor Avho is the owner of one of the parcels involved, stated that this sewage problem *797 created a danger of possible typhoid epidemic and also of other intestinal diseases.
All this is known, was known, and should have been known to defendant developers. They created the conditions on what were obviously poor soil foundations. At the time defendants purchased the property at ‘ ‘ Swiss Forest ’ ’ there were seven •existing homes. They conducted no tests to determine if the existing sewage systems were functioning properly. They accepted these systems after conversations with the seller and prior tenants and made no effort to determine what system was installed in the group of bungalows adjacent to “ Swiss Forest ” at its northern end or how effective it was.
Defendant developers had noticed that the rudimentary individual leach fields they installed would not work in the type of soil at Sand Pond. Aside from the explicit warning by Mr. Marks, defendants’ own retained engineer, that such a system would not work, it was clear that the systems defendants chose to install could not comply with the minimum State standards. The extremely small size of the lots, subdivided by defendants, and their placement of the houses near the center of each lot, provided almost no room for the individual sewage systems. In fact, one septic tank was practically next to the house, though defendant Grusmark admitted that he knew that the minimum distance requirement on the State law was 10 feet.
Thus, the sewage problem now at “ Swiss Forest” was the inevitable result of defendants trying to install an inadequate system for 35 houses on small lots in an area having soil with very poor absorption qualities.
I conclude that defendant developers created a dangerous and unhealthy condition constituting a nuisance and that defendants Ole Olsen, Ltd., and ¡Grusmark must abate it (38 A D 2d 967).
Defendant developers’ argument that they are not liable because they sold the homes they built and they were now owned by other parties cannot stand up. The Appellant Division, Second Department, stated as follows: “ In our opinion appellants’ contentions are untenable. Section 841 of the Real Property Actions and Proceedings Law specifically authorizes the prosecution of an action against both the creator of a nuisance on real property and his grantee to abate the nuisance and for damages resultant therefrom. (To the same effect, see Wilks v. New York Tel. Co., 243 N. Y. 351, 362; DiSabato v. Soffes, 9 AD 2d 297; Wenzel v. Duncan, 32 N. Y. S. 2d 223, 224; 2 Restatement, Torts, 2d § 443.) ”
*798 and
‘1 At bar, in our view, it is a reasonable assumption that if the trial court, at the close of the trial, shall have determined that appellants created a dangerous and unhealthy condition constituting a nuisance and that they should abate same, the other defendants (innocent purchasers of the properties and sufferers from the nuisance) will, at the court’s direction, permit appellants to enter into the homes in question in order that the defective sewage disposal condition will be remedied by appellants.” (38 A D 2d 967, 968.)
A few more thoughts: Defendant developers’ contention that the Attorney-General has no standing to bring this action to abate the nuisance lacks merit (65 Misc 2d 366, affd. 38 A D 2d 967; also, Nassau Neuropsychiatric Soc. v. Adelphi Univ., 18 N Y 2d 370, 375; State of New York v. Town of Huntington, 67 Misc 2d 875, affd. 37 A D 2d 858).
Defendants’ claim that defendant Grusmark was told by a health official that the septic systems did not require approval also cannot stand. An employee cannot estop or bind the State on matters of law (Matter of Town of Cornwall v. Diamond, 39 A D 2d 762; Matter of Jamestown Lodge v. Catherwood, 31 AD 2d 981, 982).
Other contentions by defendant developers are clearly wanting and need no discussion.
Since I have found and determined that defendant developers created a dangerous and unhealthy condition constituting a nuisance, defendants Ole Olsen, Ltd., and Grusmark shall abate the nuisance. The other defendants, the innocent purchasers of the property and sufferers from the nuisance, shall permit defendants Ole Olsen, Ltd., and Grusmark to enter the premises in question in order that the defective sewage condition can be remedied by defendants Ole Olsen, Ltd. and Grusmark (38 A D 2d 967, 968).
Plaintiff shall have judgment for the relief demanded in the complaint and that defendant purchasers shall co-operate and permit defendant developers to conform with the judgment to be entered herein.
Settle judgment on notice.
Plaintiff and defendant developers shall also submit, on or before the settlement date of the judgment, letters suggesting the required relief, the time in which defendant developers shall comply, and the amount of the bond required of defendant developers to insure proper and timely compliance.