Memorandum. Order dismissing information is affirmed.
The People have appealed from the granting of defendant’s motion to dismiss an information alleging a violation of the Suffolk County Sanitary Code. Defendant, a subsidiary of the Metropolitan Transportation Authority is exempt from local enactments of this type (Public Authorities Law, § 1266, subd 8). That section is very broad in its application, and grants it the powers to do all things necessary and convenient to manage the maintenance and operation of equipment, notwithstanding any local ordinance which conflicts with title 11 of article 5 of the Public Authorities Law. (See Long Is. R. R. Co. v Public Serv. Comm., 30 AD2d 409, affd 23 NY2d 852; see, also, Western Regional Off-Track Betting Corp. v Town of Henrietta, 78 Misc 2d 169, affd 46 AD2d 1010.) Clearly, the Suffolk County Sanitary Code is in conflict with the afore *270 mentioned section, since defendant has obviously deemed it, at the very least, convenient to operate diesel trains.
This is not to say that defendant can operate without regard to the health and safety of the community. The State has the power to regulate an authority’s activities regarding pollution of the air through article 19 of the Environmental Conservation Law. It is the Attorney-General’s (State of New York v Town of Huntington, 67 Misc 2d 875, affd 37 AD2d 858) and the commissioner’s (ECL 19-0305) duty to commence proceedings against violators.
Concur: Farley, P. J., Glickman and Pittoni, JJ.