OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
Defendant Metro-North moves to dismiss the information on the ground that it is exempt from local prosecution.
A Metro-North employee, Earnest Avery, was operating a *1073 truck filled with diesel fuel on New York City streets and was cited for failure (1) to display proper fire department placards indicating that the truck contained fuel, (2) to carry a charged fire extinguisher and (3) to possess a fire department permit for the transportation of flammable and combustible liquids, all charges in violation of local ordinances.
Defendant, a subsidiary of the Metropolitan Transportation Authority, is exempt from local enactments of this type. (Public Authorities Law § 1266 [5], [8].) This law grants the defendant railroad company the power to "do all things it deems necessary, convenient or desirable to manage, control and direct the maintenance and operation of transportation facilities, equipment or real property operated by or under contract, lease or other arrangement with the authority”, notwithstanding any local ordinances which conflict with Public Authorities Law title 11 (Public Authorities Law § 1266 [8]; emphasis supplied; see, People v Long Is. R. R., 90 Misc 2d 269, affd 41 NY2d 1039 [1977]; Long Is. R. R. Co. v Public Serv. Commn., 30 AD2d 409, affd 23 NY2d 852 [1969].)
The subject local municipal codes are in conflict with the aforementioned Public Authorities Law § 1266 (8) since defendant has deemed it, at the very least, convenient to transport fuel in a truck through city streets.
The defendant, however, cannot operate without regard for the health and safety of the community.
Accordingly, defendant’s motion to dismiss the information is granted.