OPINION OF THE COURT
Dorothy Chin Brandt, J.
This case presents a challenge by defendant to provisions of the Administrative Code of the City of New York that place responsibility for violation of Building Code regulations upon the owner of the premises in question, regardless of the fact that the premises are leased to a tenant when the violation occurs.
The information herein charges defendant with a violation of Administrative Code § 27-147 (a provision of Administrative Code, tit 27, ch 1, also known as the Building Code), which prohibits the commencement of construction work without a permit.
Defendant moves pursuant to CPL 170.35 for an outright dismissal of the information on the claimed basis of facial insufficiency. In the alternative, defendant seeks dismissal in the interest of justice, pursuant to CPL 170.40.
For the reasons set forth below, defendant’s motion for dismissal is denied in all respects.
With respect to the motion to dismiss for facial insufficiency, it is defendant’s position that he is wrongly charged with this violation because he did not commence the construction work in question, either personally or as "a partner in MRP Leiberman, a partnership which owns these premises as landlord” and, therefore, that defendant did not commit the acts alleged to violate the provisions of Administrative Code § 27-147. Rather, defendant claims that the unsanctioned work was commenced by an individual tenant to whom the premises was leased, and that neither defendant nor any other representative of the owner/landlord had notice of the violation "until sometime [sic] after the construction began.” In support of this claim, defendant submits a copy of a lease covering the *563 subject premises, 102 West End Avenue, Brooklyn, Kings County, New York (hereinafter the Premises), which indicates a lease term beginning July 1, 1987.
This court has carefully examined the lease copy submitted by defendant and notes that the lease itself and a rider attached thereto indicate clearly and repeatedly that substantial construction work at the Premises was contemplated by the parties, and that the owner/landlord specifically reserved the right to enter the Premises for purposes of inspection, repair, and performance of any work deemed necessary. Indeed, the lease rider indicates that the owner/landlord agreed to be responsible for a good deal of the interior construction work contemplated for the Premises including, specifically, relocation of at least one wall and installation of one bathroom.
Upon an inspection of the Premises on July 20, 1987 (barely three weeks into the lease term), Building Department Construction Inspector Dominick Bonomolo issued to defendant complaint/information No. 84 785581 1 (a document commonly referred to as a "summons”) charging, on Inspector Bonomolo’s personal observation, a violation of Administrative Code § 27-147, to wit: "Work w/o permit. Erecting partition & hung ceiling and assembly, and 1/2 bath, 1st fir. level.”
It appears to this court that the work designated in the lease to be the owner/landlord’s responsibility coincides with at least a portion of the work alleged in the information to have been performed without the necessary work permit, in violation of Administrative Code § 27-147. However, any question of fact in this regard is more properly a trial issue, and in any event does not affect defendant’s liability for the Administrative Code violation alleged in the information herein. In this connection, the provisions of the Administrative Code clearly indicate that where a Building Code violation is alleged, the owner of the premises involved and any person employed or assisting in the commission of such violation, and any and all persons who shall violate any of the provisions of the Building Code shall severally be held responsible. (Administrative Code § 26-248 [a].)
As relevant herein, the term "owner” is defined in the Administrative Code as "[a] person having legal title to premises * * * or any other person having legal ownership or control of premises. ” (Administrative Code § 27-232; emphasis added.)
*564 As noted above, the lease submitted by defendant for this court’s consideration specifically reserves the right of the owner/landlord to enter the Premises for purposes of inspection, repair, and performance of any work deemed necessary. This court has previously held that " 'control’ over Premises” gives rise to liability for violation of Administrative Code provisions (People v Durch, 140 Misc 2d 353, 356 [Crim Ct, Kings County 1988]). Based upon the circumstances of this case, the court holds that the defendant herein may properly be considered a person having requisite control of the Premises and, therefore, having responsibility under Administrative Code § 26-248 (a). (Accord, Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559 [1987].)
Additionally, the court has examined the applicable basic facial sufficiency requirements as set forth in CPL 100.15 and 100.40 and finds that the information herein complies in all respects with such requirements.
Thus, defendant’s motion for dismissal of the information herein on the claimed basis of facial insufficiency must be denied.
The court acknowledges defendant’s representation that he may have a private agreement with the tenant of the Premises for indemnification in the event work at the Premises violates any applicable law. However, this court holds that any such private agreement does not affect an owner’s liability under specific Administrative Code provisions.
The court also acknowledges defendant’s representations that upon learning of the violation alleged herein he immediately directed that work at the Premises be stopped, and then assisted the tenant in filing the necessary permit applications. However, in this regard the court agrees with the People’s position that defendant’s actions to cure the violation, do not require dismissal of the information herein, but rather should be taken into account in determining any penalty that may be imposed upon defendant for such violation.
Turning to defendant’s alternative motion for dismissal in the interest of justice, this court has carefully examined the statutory criteria for determining such a motion as set forth in CPL 170.40, and holds that the circumstances presented herein do not warrant such a dismissal. Defendant offers not "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice” (CPL 170.40 [1]), *565 but merely, as noted above, offers a factual defense that this court deems would more properly stand as a factor in sentencing than in a pretrial motion for dismissal. It is well settled that a motion for dismissal in the interest of justice is proper only in the rarest situation, where a court in its discretion may dispense totally with the issue of a defendant’s guilt or innocence and substitute instead a judgment in the "spirit” of justice, but such a motion is not to be used as a substitute for trial. (See, People v O’Neill, 85 Misc 2d 130 [Sup Ct, NY County 1975]; People v Prunty, 101 Misc 2d 163 [Crim Ct, Queens County 1979].)
Thus, defendant’s motion for dismissal of the information herein in the interest of justice must be denied.