OPINION OF THE COURT
Harvey Glasser, J.
The defendant is charged with violating the Building Code (Administrative Code of City of New York § 27-101 et seq.) by operating a place of assembly without a place of assembly (PA) permit, emergency lighting, a self-closing exit door, and a capacity sign.
The defendant moves to dismiss the information in the interest of justice arguing that he was never the owner, manager or person in control of the premises. Rather, "Mr. Saito was merely a waiter and greeter of the tenant/business then occupying the premises,” and was served the summons "because he was the only person available who spoke some English.” Further, the defendant states that the premises were vacated and the lease surrendered by his employer (now out of business) immediately after the summons was issued. The defendant concludes that, because of the above facts, and because no one had been injured on the premises, the information should be dismissed in the interest of justice.
The defendant also moves to dismiss the information for facial insufficiency, arguing that the information "does not allege facts of an evidentiary character supporting or tending to support the charges.” More specifically, the defendant argues that the information is insufficient because it merely states the legal conclusion that he is the owner, manager or person in control of the subject premises without stating any facts to support that conclusion.
The People counter that the defendant’s "relationship to the premises and liability are issues of fact for trial”. Additionally, the fact that the subject premises were subsequently vacated may be considered at sentencing, but it is irrelevant to whether the violations existed at the time charged. Referring to the recent Happyland social club fire, the People argue *344 that there is such a great potential for harm in any place of assembly not in compliance with the Building Code, that no arguments could be raised to suffice for a motion to dismiss in the interest of justice.
The People have cross-moved for an order to amend the information to add Administrative Code §§ 27-358, 27-366, 27-371 (a); §§ 27-542 and 27-527 and to delete § 26-248 (d); §§ 26-246 and 26-126. The defendant opposes amendment.
MOTION TO DISMISS
Administrative Code § 26-248 (a) provides that the owner of premises on which violations occur "and any person who may be employed or assist in the commission” of such violations and "all persons who shall violate” the Building Code shall be liable. Section 27-232 defines an owner as "[a] person having legal title to premises; a mortgagee or vendee in possession; a trustee in bankruptcy; a receiver or any other person having legal ownership or control of premises.”
Generally, disputes over the defendant’s connection to the subject premises are deemed to be questions of fact to be resolved at trial. (See, People v Farber, NYLJ, June 29, 1988, at 24, col 2 [Crim Ct, NY County]; People v McFarlene Co., 130 Misc 2d 70, 72 [Crim Ct, NY County 1985].)
Some courts have held, however, that to survive a motion to dismiss for facial insufficiency, the information must state the basis for the conclusion that the defendant is the owner or person in control. (See, e.g., People v Penn Cent. Transp. Co., 95 Misc 2d 748, 753-754 [Crim Ct, NY County 1978].) In the instant information, the complainant, a building inspector, does state that his statements are based "upon personal observation and inspection of the records maintained by the Department of Buildings.” These factual allegations are extremely minimal, and the People would be well advised to draft better complaints which explain exactly how it is known that a defendant is in control of the premises in question. Nonetheless, the allegations are sufficient to survive the instant motion to dismiss for facial insufficiency.
The motion to dismiss in the interest of justice must also be denied. An information may not be dismissed in the interest of justice unless there exists "some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice.” (CPL 170.40 [1]; People v Viszokai, 99 AD2d 519 [2d Dept 1984].) The defendant herein has failed to *345 show the existence of any such compelling factor to warrant dismissal. If the premises were vacated immediately upon receipt of the summons, then there was a prompt compliance with the Building Code. Although such compliance is a significant factor for the court’s consideration, it should be considered upon imposition of a sentence, if any. Subsequent compliance does not eliminate previous violations.
MOTION TO AMEND THE INFORMATION
The accusatory part of the information charges that the defendant violated Administrative Code § 26-248 (a), (d), (g); §§ 26-246 and 26-126 (primarily penalty provisions) by not complying with §§ 26-207 and 26-208. Sections 26-207 and 26-208 prohibit the commencement of construction, alteration, repair or demolition work without permits and approval of necessary plans. The factual allegations of the information charge that a place of assembly was operated without a PA permit, emergency lighting, self-closing exit door, or a capacity sign. Thus, the charged substantive provisions of the Building Code do not appear to match the factual allegations. Moreover, inapplicable penalty provisions are charged.
The People have moved to delete a provision describing judicial remedies and some of the penalty provisions, as well as to add five substantive provisions. These latter five provisions describe the requirements for occupant load, emergency lighting, exit doors, and the posting of capacity signs. Thus, these provisions relate to the factual allegations in the information.
CPL 100.45 (3) permits the court, upon application of the People, with notice to the defendant, to "order the amendment of the accusatory part of [an] information by addition of a count charging an offense supported by the allegations of the factual part of such information”. As discussed above, the proposed amendments herein do charge offenses supported by the factual allegations. Accordingly, the motion to amend the information is granted.
The People have represented that no statements were taken, no physical evidence was seized, no identification procedures occurred and no prior convictions will be raised. Accordingly, the defendant’s motions to suppress are denied as moot.
The People do not oppose the defendant’s request for a jury trial. Accordingly, a jury trial is granted.