OPINION OF THE COURT
Robert G. Bogle, J.
Motion of the defendant, Aaron Beecher, by counsel, to dismiss the information before this court, is determined as hereinafter provided.
The defendant is the owner of real property situated at 290 West Merrick Road, on the corner of Central Avenue and Merrick Road, a major business intersection, in the Incorporated Village of Valley Stream, County of Nassau, New York. Located at the property is a small building which had been used as a pub/restaurant. However, over the last several years, the restaurant has been closed and the premises is presently vacant.
On April 4, 1991 the defendant filed an application for a village permit to renovate the facility for use as a take-out fast food restaurant. The matter was referred to the Village Planning Board for review of the site development plan. The Planning Board denied the application. Thereafter, the defendant filed a petition pursuant to CPLR article 78 to overturn the Board’s decision. By order of the Supreme Court dated January 8, 1992 the court overturned the Planning Board’s ruling and directed the village to issue to the defendant the appropriate permits.
The defendant is now charged with a violation of several provisions of the Code of the Village of Valley Stream, to wit: failure to maintain property free of litter and debris and failure to maintain the premises in good repair.
Following arraignment and the entering of a plea of not guilty, the defendant, by counsel, now moves to dismiss the charges pending before the court.
The motion of the defendant requests a dismissal of the case based upon three specific grounds (1) that the statute is unconstitutional and is therefore void for vagueness; (2) that *249 the informations filed with the court are legally insufficient accusatory instruments and must be dismissed as a matter of law; and (3) that the action must be dismissed in the interest of justice. The prosecution opposes each of the defendant’s arguments, and requests that the motion be denied.
The following is the determination of the court.
I
The defendant is charged with a violation of section 64 (4) and (5) of the Village Code of the Village of Valley Stream. These sections mandate certain standards of property maintenance:
"Sec. 64-4. Maintenance of Buildings and Structures Required.
"Every building or structure within the Village of Valley Stream, including every foundation, floor, wall, ceiling, door, window, roof or other part thereof, shall be maintained in good repair.
"Sec. 64-5 Protection of exposed surfaces.
"All exposed surfaces susceptible to decay shall be kept at all times painted or otherwise provided with a protective coating sufficient to prevent deterioration.”
The defendant is also charged with a violation of section 50 (12) of the Village Code, which requires real property to be kept free of litter and debris.
The defendant moves to dismiss the charges under CPL 170.30 (1) (a) and 170.35 (1) (c) on the grounds that these statutes are unconstitutionally vague and indefinite and accordingly are void as a matter of law. The prosecution opposes the motion on the grounds the statute is not vague or indefinite and exceeds all Federal and State constitutional due process requirements.
Village ordinances, like all legislative enactments, start with a strong presumption of constitutionality. (People v Perkins, 150 Misc 2d 543, 544 [App Term, 2d Dept 1991]; Town of Huntington v Park Shore Country Day Camp, 47 NY2d 61 [1979].) This presumption is overborne when the provision is demonstrated to be invalid beyond a reasonable doubt. (People v Lang, 36 NY2d 366, 370 [1975]; People v Burton, 150 Misc 2d 214, 221 [Sup Ct, Bronx County 1990].)
It has been held that it is legitimate and constitutional to have as a governmental objective the preservation of resi *250 dential appearance of a community and for the maintenance of its property values. In other words, a statute, though based on what may be termed aesthetic considerations, will be constitutional if it proscribes conduct which offends sensibilities and tends to debase the community and reduce real estate values. (People v Stover, 12 NY2d 462, 466 [1963].) In Stover for example, the Court of Appeals declared a city ordinance which prohibited clotheslines in front yards a proper constitutional objective of a government’s police power to promote "aesthetic considerations”, as well as health and safety considerations. (People v Stover, supra, at 467.) In the case at bar, the village ordinance’s legislative findings under section 64-1 established the purpose of the ordinance to "foster the health, safety and welfare” and to "maintain the neighborhood and property values.” The Village Code requirements of property maintenance and keeping structures painted or covered in a protective coating clearly fit into these legislative findings. Therefore, the village ordinances are based on sound governmental objectives and pass constitutional muster.
Since this court has now determined the statutory objectives are constitutional, the next step shall be to examine if the actual wording of the statute meets constitutional standards. Specifically, the defendant objects to the use of the term "in good repair” as it relates to property maintenance. The defendant contends such provisions are vague, overbroad and depend unfairly on the subjective interpretation of the complainant/building inspector.
A challenge to a statute’s vagueness will usually involve a two-part analysis. First, it must be determined whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. (People v Nelson, 69 NY2d 302, 307 [1987].) Second, the statute must provide explicit standards to be applied, and should not be dependent upon the subjective conclusions of a complainant or an arresting officer as to what would constitute the violation. (People v Smith, 44 NY2d 613, 618 [1978]; People v Nelson, supra, at 308.) In sum, "[t]he test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him.” (People v Byron, 17 NY2d 64, 67 [1966].)
The defendant contends the statute is unconstitutional on the grounds that the phrase "in good repair” is vague and indefinite and that the statutory requirement of having a building painted or covered in a protective coating is too *251 subjective and places too much discretion in the hands of the complaining code enforcement officer.
The statutory term "in good repair” is not incapable of definition and is not a phrase which the common sense of a reasonable person would not comprehend. It is equally true that a person of ordinary intelligence would be capable to recognizing if a premises would need painting or a protective coating. Statutes cannot be drafted with exact precision but may nevertheless use terms which the public would recognize as conduct to be avoided. These terms include "unreasonable noise” (People v Bakolas, 59 NY2d 51, 53 [1983]) and subscribing medication in the absence of "good faith.” (People v Kass, 32 NY2d 856, 857 [1973].) In both those cases, as in the case at bar, the statutes satisfy the appropriate constitutional criteria.
II
The defendant also moves to dismiss the informations on the grounds they are insufficient as a matter of law and therefore, must be dismissed as defective under CPL 170.30 (1) (a) and 170.35.
An information is defective if it fails to meet the requirements of CPL 100.15 and 100.40. The sections of the CPL mandate that (1) each information must contain an accusatory section specifying the offenses charged, (2) each information must contain a factual part alleging facts of an evidentiary character supporting or tending to support the charges. (People v Alejandro, 70 NY2d 133 [1987].) In addition, the information must contain nonhearsay allegations establishing every element of the charged violation. (People v Penn Cent. Transp. Co., 95 Misc 2d 748 [Crim Ct, NY County 1978].)
The accusatory instruments in the instant case allege specific violations and refer to the proper statutory sections to fairly apprise the defendant of the charges against him. (People v Idema, 135 Misc 2d 1058 [Dutchess County 1987].) The allegations are set forth in an evidentiary and not conclusory fashion and even detail at times what types of debris and garbage were found on the defendant’s property. (People v Fletcher Gravel Co., 82 Misc 2d 22 [Onondaga County 1975].) In addition, the exact source of the complainant’s knowledge of the offense is clearly noted, as each information states the inspector "personally observed the above violation.” (People v Pleva, 96 Misc 2d 1020 [Suffolk County 1978].)
Defendant’s argument that the accusatory instrument must *252 be dismissed for failure to allege intent is denied as irrelevant and immaterial to the case at bar. As a matter of law, building and zoning code violations are based upon strict liability and thus, intent is not an element in the charges before the court. (People v Ortiz, 125 Misc 2d 318, 326 [Bronx County 1984]; People v Marrero, 69 NY2d 382 [1987].)
Ill
Lastly, the defendant moves to dismiss in the interest of justice pursuant to CPL 170.30 (1) (g). The defendant asserts the reason the property was allegedly in violation was due to the fact the village had not granted the appropriate permits for renovation. Absent those permits, the defendant argues he was incapable of correcting the poor condition of the property nor could he engage in the appropriate maintenance. In essence, the defendant sets forth practical difficulties and unnecessary hardship arguments best reserved for the Zoning Board of Appeals. (Zagoreos v Conklin, 109 AD2d 281 [2d Dept 1985].)
CPL 170.40 sets forth the factors which may be considered in granting a motion of this nature. Among the factors included are the seriousness of the offense, the history of the defendant, the purpose of imposing a sentence and the impact of a dismissal on the safety of the community, as well as the public’s confidence in the criminal justice system. (People v Clayton, 41 AD2d 204 [2d Dept 1973].) This court has carefully reviewed the criteria and holds that the circumstances presented herein do not warrant a dismissal of the charges against the defendant. The court finds that the normal expense to the defendant of the painting of his building and boarding up his windows, and keeping the property free from litter results in little financial burden, and could have been cared for regardless of the eventual passage or denial of future building permits. The delay caused by the pending article 78 petition is a factor best reserved as a consideration at the time of sentencing. (People v Leiberman, 141 Misc 2d 561 [Kings County 1988]; People v Saito, 149 Misc 2d 342 [NY County 1990].)
Accordingly, the motion of the defendant to dismiss the summons and information is denied. In rendering this decision the court has considered the notice of motion, defense coun *253 sel’s affirmation in support and exhibits attached thereto, the prosecution’s affirmation in opposition, defense counsel’s reply affirmation and letter dated January 10, 1992 including short form order of the Supreme Court, Nassau County, dated January 8, 1992. (CPLR 2219 [a].)