[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The named defendant is a New York Corporation doing business in Connecticut by operating a railroad. The plaintiff was injured at a grade crossing on September 1, 1989 in Danbury. The action is against the railroad and its employees for negligence, and it was commenced with service of the complaint on February 4, 1991, more than one year but less than two years after the accident. CT Page 9945
The defendant, Metro-North Commuter Railroad Company (Metro-North), has filed a motion for summary judgment claiming that this action is barred as to it because of section 1276 of the New York Public Authorities Law, which provides for a one year period to bring a lawsuit against Metro-North.
A motion for summary judgment can be granted under section 384 of the Connecticut Practice Book when the documents submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364. The test is whether a party would be entitled to a directed verdict on the same facts. Id. Summary judgment may be granted when it is clear that a claim is barred by the statute of limitations. Mac's Car City, Inc. v. American National Bank, 205 Conn. 255; Barnes v. Schlein, 192 Conn. 732, 738; Arsenault v. Pa-Ted Spring Co., 203 Conn. 156, 158. Actions for damages for negligence are usually covered by section52-584 of the Connecticut General Statutes, which requires the action to be brought within two years from the date when the injury is sustained. If that statute applies to this case, it was commenced within the statute of limitations.
The New York Public Authorities Law, Sec. 1276(2) provides in part that "[a]n action against the authority founded on tort shall not be commenced more than one year after the cause of action therefor shall have accrued . . . ." Section 1276(6) of the New York Public Authorities Law provides in part: "[E]ach subsidiary corporation of the authority shall be subject to the provisions of this section as if such subsidiary corporation were separately named herein . . . ." Metro-North was created by the Northeast Rail Service Act of 1981 (NRSA), P.L. 97-35 to operate the commuter rail service between New Haven and Grand Central Terminal with branches to various areas including Danbury. Section 1137 NRSA; 45 U.S.C. § 501, 586. See also Metropolitan Transportation Authority v. Interstate Commerce Commission, 792 F.2d 287 (2d Cir. 1986) cert. denied479 U.S. 1017. Metro-North took over the operation of the New Haven commuter line as of January 1, 1983 from Consolidated Rail Corporation (Conrail) and has operated it since that date. Metro-North is a wholly owned subsidiary of the Metropolitan Transportation Authority (MTA). Both the MTA and Metro-North are public benefit corporations of the State of New York. See Public Authorities Law, Sec. 1263(1)(a), Consolidated Laws of CT Page 9946 New York. This has been recognized in court decisions. Metropolitan Transportation Authority v. Interstate Commerce Commission, supra, 291, 293; People v. Metro-North Commuter Railroad Co., 506 N.Y.S.2d 389, 132 Misc.2d 1072. A public authority created by a state legislature does not come within the jurisdiction of the courts except to the extent that sovereign immunity is expressly waived by statute. Easley v. New York State Transportation Authority, 153 N.Y.S.2d 28,1 N.Y.2d 374 (1956); 87 N.Y. Jur.2d, Public Authorities, Sec. 1. See also Doe v. Heintz, 204 Conn. 17, 32; Sentner v. Board of Trustees, 184 Conn. 339, 342. The New York Public Authorities Law, Sec. 1276(2) creates a limitation upon the right to sue the MTA and its subsidiaries, and because this statute is in derogation of the sovereign immunity from suit, it must be strictly construed. Struckman v. Burns, 205 Conn. 542,558; Duguay v. Hopkins, 191 Conn. 222, 228; Breen v. Mortgage Com. of New York, 185 N.Y. 425, 35 N.E.2d 25 (1941). The New York courts applying this special one year statute of limitations have recognized it as a limited waiver of sovereign immunity and it bars actions brought more than one year after the cause of action accrued. Umansky v. Metropolitan Transit Authority, 491 N.Y.S.2d 33, 111 A.2d 918 (1985). The Connecticut courts have also recognized that where a statute creates a cause of action which did not exist at common law, and fixes the time within which that right must be enforced, commencement of the action within that time limit is a condition precedent to the action and is considered jurisdictional, so that the action can be brought only during the prescribed time period and not thereafter. Hillier v. East Hartford, 167 Conn. 100, 106; Diamond National Corporation v. Dwelle, 164 Conn. 540, 547. The statutory time limit is not subject to waiver in such cases. Orticelli v. Powers,197 Conn. 9, 15.
Where a right of action is created in another jurisdiction, the Connecticut courts enforce the obligation incurred or the right of action created under the law of the other state precisely as if the obligation or right of action had accrued or arisen in Connecticut, which is required by the full faith and credit clause of the United States Constitution. Commonwealth Fuel Co. v. McNeil, 103 Conn. 390, 405, 406. See also State of Maryland v. EIS Automotive Corporation,145 F. Sup. 444-446 (D.C. Conn. 1956). Here the plaintiff's right to sue Metro-North is based solely upon the rights created by the New York legislature, and is subject to the limitations imposed CT Page 9947 by it, including the one year statute of limitations in section 1276(2) of the New York Public Authorities Law. Section 52-584
of the Connecticut General Statutes does not apply to claims against Metro-North. Since the plaintiff did not commence suit against it within one year from the date this cause of action accrued, and the statute is not subject to waiver in this case, the claim is barred by the statute of limitations.
The motion for summary judgment is granted.
Robert A. Fuller, Judge