OPINION OF THE COURT
Robert G. Bogle, J.
Motion of the defendants, Richard and Kathleen Minori, by counsel, to dismiss the summons and information before the court is determined as hereinafter provided.
The defendants, Richard and Kathleen Minori, are the owners in fee of a residential home located at 88 Liberty Boulevard, within the Incorporated Village of Valley Stream, also known on the tax map of the County of Nassau as section 37, block 400, lots 39 and 40. They are charged with failure to provide permits or certificates for a kitchen situated on the second floor of the premises, to wit: no certificate of occupancy for the two-family dwelling, violation of sections 3211 and 3206 of the Village Zoning Code. The area is zoned for one-family dwellings or "R-l Zone.”
The residence has been in the Minori family since the early 1970’s, when Delores Minori purchased the premises and rented the upstairs apartment to Mary Minori, the mother and mother-in-law of the defendants. Recently, when Delores Minori passed away, defendant Richard Minori bought out the interest of the other beneficiary and purchased the home, letting his mother live in the premises for a nominal income while leasing the second apartment, to what appears to be a nonfamily member.
The defendants now move to dismiss the summons and information before the court, on grounds not expressly set forth but what appears to be two specific grounds: (1) that the premises has been assessed as an alleged two-family residence and therefore is, for all purposes, a "de-facto two family” and nonconforming use, and that, as a result the charges must be dismissed under CPL 170.30 (1) (a) and (f), or (2) that the summons shall be dismissed in the interest of justice under CPL 170.30 (1) (g).
*487 As to the first ground, this court must first examine if the premises qualifies as a nonconforming use.
A nonconforming use has been defined as a use of land which lawfully existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance, although it does not comply with use restrictions applicable to the area in which it is situated. (City of New York v Bilynn Realty Corp., 118 AD2d 511 [1st Dept 1986].) A "prior nonconforming use means that any use that was legal when it was established can, if not abandoned or otherwise impermissibly changed, be continued indefinitely, despite a change in the local ordinance making such use illegal.” (People v Burns, 115 Misc 2d 897, 898 [Oswego County Ct 1982].)
The Village of Valley Stream was incorporated in 1925. In December 1929 the Village adopted its first zoning code, entitled "Building Zone Ordinance”. In 1949 and 1952, substantial zoning codes were enacted, with the 1952 Code detailing the limitation on one- and two-family zoned areas.
It is undisputed the premises in question was constructed under a permit issued September 20, 1955. A certificate of occupancy as a one-family dwelling was issued by the Village Department of Buildings on February 21, 1956. An additional certificate of occupancy was issued to establish a second story on the premises on April 8, 1966. The certificate of occupancy expressly stated "not to be converted to a two family house.”
Due to the fact the premises in question was built in 1955, the construction postdates the 1952 Village Zoning Code. Therefore, since the house was built after the passage of the zoning codes, the concept of nonconforming use is inapplicable to the case at bar. (People v Waring, 110 Misc 2d 392, 396 [Oswego County Ct 1981].) That which is illegal from its inception cannot be made legal by use of a "grandfather clause” which cannot lawfully apply under such circumstances. (Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278 [1980].)
In addition, the premises in question possesses a certificate of occupancy for a one-family dwelling. It has been held that the certificate of occupancy, once issued and delivered, cannot be recalled, cancelled or vacated at the whim of the homeowner or at the whim of the building department (People v Yarrington, 62 Misc 2d 1030, 1033-1034 [Suffolk Dist Ct 1970].) A certificate of occupancy is a document which must be relied *488 upon in good faith, absent fraud or deceit. (Matter of Malnuet Realty Corp. v City of New York, 152 AD2d 470 [1st Dept 1989].) Therefore, this court holds the certificate of occupancy for a one-family dwelling at 88 Liberty Boulevard to be accurate and binding on the property owner. Indeed, the prior owner had received a violation notice concerning a second kitchen for a second apartment in 1974, the result of which was a removal of the kitchen and plumbing in March of that year.
Defense counsel has placed much emphasis on the Nassau County assessment of the premises as a "two-family premises as one”, thus assuming the premises is assessed as a legal two-family. This is inaccurate. The property is assessed under the assessment code, which, according to the Nassau County assessor’s office is for a mother/daughter dwelling, and not a legal two-family. In addition, while assessment may be a factor to be considered in determining the use and purpose of property, it is not the controlling factor. It is the certificate of occupancy, issued in accordance with the authority vested in the Village pursuant to Village Law § 7-700 which possesses paramount authority, and the local zoning law may not be preempted by other such laws. (Incorporated Vil. of Nyack v Daytop Vil., 78 NY2d 500 [1991].)
The defendants also move to dismiss in the interest of justice pursuant to CPL 170.30 (1) (g). The defendants move under this ground based upon the allegation that defendant, Richard Minori, purchased all interest in the property based upon the erroneous fact the premises was a legal two-family house. Defendant claims he would not be able to afford to continue to own the premises if only his mother lived there because she has a small monthly income and needs the rent of an additional tenant to pay the expenses of the house. In addition, should he sell the house as a one-family dwelling and not as a two-family dwelling which he originally anticipated, he would have a huge loss on the sale. He also states he would have great difficulty in finding a place for his mother to live.
CPL 170.40 sets forth the factors which may be considered in granting a motion to dismiss in the interest of justice. Among the factors included are seriousness of the offense and impact on the public’s confidence in the criminal justice system. (People v Clayton, 41 AD2d 204 [2d Dept 1973].) Defendants appear to base their grounds for dismissal on economic hardship. Hardship will not exist merely because a property may not be put to its most profitable use, but only *489 where the owner is deprived of his right to make any and all reasonable use of the property. (Repicci v Sharpe, 96 AD2d 727 [4th Dept 1983], lv denied 60 NY2d 556 [1983].) Economic hardship is a difficult and rarely used defense, and is only available when the economic viability of a property is truly at issue. (People v Erin Constr. Corp., 136 Misc 2d 807 [Crim Ct, NY County 1987].)
There is little question that defendants have provided the court with a series of unfortunate circumstances that have befallen them and the court sympathizes with their situation. However, such arguments are more appropriate for a hearing before a Village Board of Zoning Appeals for a variance under practical difficulties and unnecessary hardship grounds. (Matter of Zagoreos v Conklin, 109 AD2d 281 [2d Dept 1985]; People v Beecher, 153 Misc 2d 247, 252 [Just Ct 1992].) The mitigating factors of the defendant’s present situation is best served as a consideration at the time of sentencing. (People v Leiberman, 141 Misc 2d 561 [Crim Ct, Kings County 1988]; People v Saito, 149 Misc 2d 342 [Crim Ct, NY County 1990].)
Accordingly, the motion of the defendant, to dismiss the summons and information, is denied. In reaching this determination, the court considered the notice of motion and defendant’s moving papers, the response of the Village Prosecutor and the reply affirmation of the defendant. (CPLR 2219 [a].)