OPINION OF THE COURT
Memorandum.
Order unanimously reversed upon the law and as a matter of discretion in the interest of justice, information reinstated and matter remanded for further proceedings.
Defendant was charged with having violated section 26-248 (g) (3) (a) and (c) of the Administrative Code of the City of New York upon allegations that he operated a social club in the basement of a three-story building in Brooklyn without adequate exits and without an appropriate certificate of occupancy. The court below dismissed the matter in the interest of justice upon the grounds that the People had failed to make defendant’s wife, the owner of record of the premises, a codefendant and that the social club had closed.
The aforesaid ruling was made over the People’s strenuous objections that the club was being operated without the acquiescence of defendant’s wife who purportedly lacked the money to hire an attorney to bring eviction proceedings against her estranged husband and who had called the "Social Club Task Force” to "blow the whistle on him.” Furthermore, the People wished to establish their case by calling an inspection officer from the Department of Buildings to testify that on July 20, 1991, at about 2:30 a.m., he found about 60 persons drinking and dancing in the subject cellar. According to his allegations, admission was being charged and alcoholic beverages sold. The only available entrance and/or exit to the cellar was an opening in the sidewalk through a two-sided, pull-up door leading to stairs for the cellar. Even this entrance/exit was covered by a cage-like structure, and there was an imminent hazard in the event of a fire. Defendant was present at the time of the offenses but not his wife. Defendant informed the inspection officer that he was taking identification pictures of members of the club and that he was in charge of the premises.
The instant case is not one where "dismissal [wa]s required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant *333 * * * would constitute or result in injustice” (CPL 170.40 [1]). Nor is it patent that the court below examined, as required, the 10 factors set forth in CPL 170.40 (1) and made clear which factor served as the basis for the dismissal (Matter of Holtzman v Goldman, 71 NY2d 564, 572). Upon consideration of all of said factors, we conclude that there was an improvident exercise of discretion in the dismissal of the case. Of particular note is that the prosecution rightly deemed the offenses and attendant circumstances to have been serious (see, CPL 170.40 [1] [a]), since approximately 60 young people were gathered in a basement at an early hour for drinking and/or dancing with inadequate exits. The evidence of guilt (see, CPL 170.40 [1] [c]) was strong in light of, inter alia, the admission by defendant that he was in charge (see, Administrative Code §§ 26-248, 27-232). The dismissal could have a deleterious effect, moreover, on the safety or welfare of the community (see, CPL 170.40 [1] [g]), because it disregards the interest of deterrence and "sends a dangerous message” that if one is caught at committing such offenses, one might be given an opportunity to escape conviction and sentence merely for ceasing to commit them (cf., People v Saito, 149 Misc 2d 342, 344-345).
Kassoff, P. J., Aronin and Scholnick, JJ., concur.